IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER W. VARNER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 22-00208-KD-N |
| | ) |
| NISSAN MOTOR ACCEPTANCE | ) |
| COMPANY LLC and | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on the Motion to Compel Arbitration and to Stay and the Memorandum of Law in Support filed by Defendant Nissan Motor Acceptance Company LLC (NMAC), and the Response and Exhibit filed by Plaintiff Roger W. Varner, Jr., (docs. 20, 21, 21-1, 25, and 25-1).

I. Background

In 2014, Varner purchased a certified pre-owned 2012 Nissan Altima which included a certified pre-owned warranty. Varner executed a "Simple Interest Retail Installment Contract with Arbitration Clause – Alabama" to purchase the Altima from Crown Nissan, Inc. (doc. 21-1, p. 6-7). The Arbitration Clause states that "[a]ny arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act [.]" (Id., p. 7). The Contract provides that the following claims are subject to arbitration:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including

such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

(Doc. 21-1, (Ex. 1-1.)

Crown Nissan subsequently assigned the Contract to NMAC (Id., p. 3). Varner alleges that a "dispute arose between [Varner], Nissan Motors and NMAC regarding the vehicle, the warranty, the status of [Varner's] loan and the information reported to credit bureaus regarding that loan." (Doc. 1, p. 2-3). He alleges that the dispute was resolved; however, NMAC continued to report false and derogatory information. In January 2021, he disputed the information reported by NMAC on his credit file with Experian Information Solutions, Inc. (Id., p. 3).

In May of 2022, Varner filed suit against the Defendants. He alleges that NMAC "continued to report false information to [Varner's] credit file maintained by Experian." (Id., p. 3). Specifically, that a balance was due on the loan, the account was delinquent, and the loan was charged off. Varner alleges that the loan should be reported as paid in full, without "negative payment history and no charge off" (Id.). He brings claims against NMAC (Count One) and Experian (Count Two) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

II. Analysis

NMAC moves the Court to compel Varner to arbitrate his FCRA claims under the binding Arbitration Agreement in the Contract, and to stay this action under 9 U.S.C. § 3, as to Varner's claims against NMAC. The statute provides for a stay of any suit or proceeding upon "application of one of the parties" if the Court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement[.]" 9 U.S.C. § 3. NMAC argues that the issue is referable because 1) Varner's loan involves interstate commerce; 2) a written, valid, and enforceable Arbitration Agreement exists; 3) the parties also agreed to arbitrate the interpretation and scope of the Arbitration Clause; and 4) if arbitrability is to be decided by this

Court, instead of the Arbitrator, then Varner's FCRA claim is within the scope of the broad Arbitration Agreement covering any claim or dispute (doc. 21).

In response, Varner stipulates that his claims against NMAC, including his FCRA claim, are subject to the Arbitration Agreement (doc. 25). Varner also states that he filed a Statement of Claims against NMAC with the American Arbitration Association on August 24, 2022 (doc. 25, doc. 25-1, Statement of Claims). Varner does not oppose NMAC's motion. He stipulates to an order compelling arbitration of his claims against NMAC and staying this action as to NMAC pending the outcome of the arbitration. Varner points out that his claims against Experian are not subject to arbitration and are not affected by the stipulation.

The Court has considered NMAC's motion and argument, and Varner's stipulation. The Court has reviewed the Complaint, the Contract, and the Arbitration Agreement. Upon application of the "liberal federal policy favoring arbitration agreements" <u>Bazemore v. Jefferson Cap. Sys., LLC</u>, 827 F.3d 1325, 1329 (11th Cir. 2016) (citation omitted), and resolution of "any doubts concerning the scope of arbitrable issues … in favor of arbitration", <u>Moses H. Cone Memorial Hospital</u>, 460 U.S. 1, 24 (1983), the Court is "satisfied that the issue involved" in this action against NMAC "is referable to arbitration under" the Arbitration Agreement. 9 U.S.C. § 3.

Specifically, a nexus to interstate commerce exists because there was a financing agreement for the sale of automobile between an out-of-state corporation, NMAC, and Varner, a local consumer. The parties entered into a written, valid, and enforceable Arbitration Agreement which obligates Varner to arbitrate his dispute (an obligation he has recognized by stipulation). Also, the parties agreed to delegate questions of arbitrability to the arbitrator, but if such questions were before this Court, Varner's FCRA claims NMAC come within the scope of the

Arbitration Agreement's coverage of "any claim or dispute, whether in contract, tort, statute or otherwise" that arises between the parties to the Contract.

III. Conclusion

For the reasons set forth herein, NMAC's motion (doc. 20) is GRANTED.  The parties shall arbitrate Varner's FCRA claim (Count One) against NMAC.  Accordingly, this action is STAYED with respect to this claim.

**The parties shall, on or before January 13, 2023, file a joint report to advise the Court as to the status of the arbitration.**

**DONE** and **ORDERED** this 12th day of October 2022.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**
